```
 1  GINA M. CHANG, Bar No. 260747
    LITTLER MENDELSON
 2  A Professional Corporation
    50 W. San Fernando, 15th Floor
 3  San Jose, CA  95113.2303
    Telephone:  408.998.4150
 4  Fax No.:    408.288.5686

 5

    Attorneys for Defendant
 6  WAL-MART STORES, INC.

 7
```

**FILED**
11 FEB -2 PM 3:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARYJ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; JAMES BAILEY, an individual; ESTELLA LOPEZ, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. CV11 1043 RGK (AGRx)<br><br>**DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL**<br><br>[28 USC §§ 1332, 1441, 1446] |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF DAVID BARYJ AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Stores, Inc. ("Defendant") hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. This case is being removed upon complete diversity of citizenship. The grounds for removal are as follows.

## I. PROCEDURAL HISTORY

1. On December 20, 2010, an action was commenced in the Superior Court of the State of California, County of Los Angeles, North District, entitled, in short form, *David Baryj v. Wal-Mart Stores, Inc. et al.*, and docketed as Case No. BC451548.

2. The Complaint alleges five causes of action: (1) disability discrimination in violation of California Government Code 12940(a); (2) failure to prevent discrimination in violation of California Government Code 12940(k); (3) failure to accommodate a known physical disability in violation of California Government Code 12940(m), (4) tortious termination in violation of public policy, and (5) intentional infliction of emotional distress. A true and correct copy of the Complaint is attached hereto as Exhibit A to the Declaration of Gina Chang ("Chang Decl.") pursuant to 28 U.S.C. § 1446(a).

3. On January 3, 2011, copies of the Complaint and a Summons, along with a Civil Case Cover Sheet, Notice of Case Assignment and an ADR Information Package were served on Defendant Wal-Mart Stores, Inc. On January 30, 2011, individual defendant James Bailey was served, and Defendant Wal-Mart Stores, Inc. has not yet been served a copy. True and correct copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, and the ADR Information Package for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

Defendant Wal-Mart Stores, Inc. are attached as Exhibit B to the Chang Declaration pursuant to 28 U.S.C. § 1446(a).

4. On February 2, 2010, Defendant Wal-Mart Stores, Inc. filed its Answer to Plaintiff's Complaint in the Superior Court of the County of Los Angeles. A true and correct conformed copy of the Answer to Plaintiff's Complaint is attached as Exhibit C the Declaration of Chang Declaration pursuant to 28 U.S.C. § 1446(a).

5. Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders served upon Defendant Wal-Mart Stores, Inc.

6. Individual defendant James Bailey, who has been served, consents to this Removal, and, upon information and belief, Estella Lopez has not been served, resides in Oklahoma, and will file her written consent within 30 days after being served. *See* Chang Decl., ¶ 3.

## II. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely in that it is filed within thirty (30) days from January 3, 2011, the date Defendant Wal-Mart Stores, Inc. was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

8. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one (1) year of the date the action was originally filed on December 20, 2010.

## III. BASIS FOR REMOVAL

9. This Court has original jurisdiction over this civil suit under 28 U.S.C. section 1332(a), and it may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### A. Diversity of Citizenship

10. For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

3.

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

*Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

11.  At the time the Complaint was filed and at the time of this notice, Plaintiff Baryj was "a resident of the County of Los Angeles County, State of California...." (*See* Complaint, ¶ 1.) Thus, Plaintiff was and is a citizen of the State of California.

12.  A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. ___, 175 L. Ed. 2d 1029, 1041 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id.*

13.  It is undisputed that at the time the Complaint was filed and at the time of this notice, Wal-Mart Stores, Inc. was and is a corporation incorporated under the laws of the State of Delaware. (Complaint, ¶ 2.) At the time the Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for Wal-Mart Stores, Inc. were and are located in the State of Arkansas. (*See* Declaration of Gina Chang "Chang Decl.", ¶ 4 and Exhibit A to Chang Decl.; Request for Judicial Notice).

14.  Wal-Mart Stores, Inc. is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than Plaintiff.

15.  At the time the Complaint was filed and at the time of this notice, Estella Lopez was a resident of Oklahoma, and thus, is a citizen of a different State than Plaintiff. Chang Decl., ¶ 5. Wal-Mart Stores, Inc. contends that she too is a sham defendant, but will address the allegations against James Bailey for purposes of this Removal.

**16.  Defendant James Bailey Can be Disregarded in Determining Diversity Because He Is A Sham Defendant.**

   i.   Plaintiff's allegations regarding Defendant Bailey is a sham and should

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

be disregarded in determining whether there exists complete diversity of citizenship. *Ritchey v. Upjohn Drug Co.,* 139 F.2d 1313, 1318-1319 (9th Cir.), *cert. denied,* 525 U.S. 963 (1998) (sham defendants may be disregarded when determining diversity jurisdiction); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (1987). Where fraudulent joinder is shown, "the court may disregard the joinder and retain jurisdiction." *Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D. Cal. 1979).

        ii.    A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" in that no cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th. Cir. 2001) (nondiverse sham defendant named in state court action may be disregarded); *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement to complete diversity"). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

        iii.    It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir. 1998), *cert. denied,* 525 U.S. 963 (1998). It is well settled that fraudulent joinder is shown, where, as here, plaintiff fails to state a cause of action against a defendant and that failure is apparent according to the settled law of the state. *McCabe,* 811 F.2d at 1339.

        **iv.    Plaintiff Cannot Maintain His Fifth Cause Of Action For Intentional Infliction Of Emotional Distress Against Defendant Bailey.**

        a.    Plaintiff's first four causes of action are asserted against only Wal-Mart

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

Stores, Inc. Plaintiff sets forth only one putative legal claim against "All Defendants" including Bailey – his Fifth Cause of Action, for Intentional Infliction of Emotional Distress ("IIED").

    b.    Plaintiff cannot maintain his IIED claim against Defendant Bailey because (1) he is immune from individual liability under the "manager's privilege" doctrine, (2) Plaintiff's claim against Defendant Bailey is preempted by the exclusivity of the California workers' compensation system, and (3) Plaintiff cannot maintain a claim because he fails to state a cause of action for IIED.

    v.    **Manager's Privilege**

    a.    California law explicitly prohibits employees from suing their former managers and supervisors in tort for actions occurring in the discharge of their employment duties. *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 342 (1998). Plaintiff's allegations are not sufficient to overcome the manager's privilege and support an IIED claim. The manager's privilege applies where a party acts within the course and scope of employment, and functions to protect a manager's right to manage employees:

> If that privilege protects nothing else, it protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual. . . . The manager's privilege thus [precludes] liability for all causes of action pled herein.

*Kacludis v. GTE Sprint Communications*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (emphasis in original). *See also Imperial Ice v. Rossier*, 18 Cal. 2d 33, 36 (1941) (existence of malice or ill will by the manager or agent toward the Plaintiff is irrelevant and will not destroy the manager's privilege); *Wanland v. Los Gatos Lodge, Inc.*, 230 Cal. App. 3d 1507, 1522 (1991) ("manager need not be acting solely in his or her employer's interest in order to claim the privilege; all that is required is proof that the employer's interest was one of the factors motivating his or her conduct or advice"); *McCabe, McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987)

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

(under California law, where conduct is alleged to have been in the course of employment, manager's privilege precludes individual liability, even if conduct was also motivated by bias or ill will).

    c.    California courts have applied the doctrine of managerial immunity to preclude supervisor liability for other employment-related torts, where the complained-of conduct was undertaken "in the course and scope of employment" or as "an agent of the employer." *See Becket v. Welton Becket & Assocs.*, 39 Cal. App. 3d 815, 822-23 (1974) (demurrer without leave to amend properly sustained; individual employees cannot be held liable for acts taken within the course and scope of their authority because such acts are those of the company); *Wise v. Southern Pac. Co.*, 223 Cal. App. 2d 50, 72-73 (1963) (complaint failed to set forth facts sufficient to constitute a cause of action where it alleged that at all times defendants were employees, agents and representatives of their respective corporations, and alleged conduct within the course and scope of their employment); *Mallard v. Boring*, 182 Cal. App. 2d 390, 393-94 (1960) (tort claim asserted against manager did not state a cause of action where plaintiff alleged conduct within the course and scope of the manager's authority, thereby invoking the managerial privilege).

    d.    Upon finding that the manager's privilege applies, fraudulent joinder should be found. In *McCabe, supra*, the court applied the manager's privilege, found that the plaintiff failed to state a cause of action against the individual supervisors since they acted in their managerial capacity, and held that the individual defendants were fraudulently joined. 811 F.2d at 1339. Thus, removal based on diversity jurisdiction was proper. *Id.* at 1339.

    e.    Plaintiff's Complaint contains *no* allegation that the complained-of conduct occurred "*entirely* for the benefit" of Bailey. Indeed, the alleged actions against Bailey amount to three personnel actions: (1) Bailey "disciplined Plaintiff for changing the sequence of his stocking duties and sent him home" (Complaint, ¶ 25); (2) Bailey "refused to accommodate Plaintiff's disability by refusing to allow Plaintiff

7.

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

to clock-in for his shift on the basis that he was wearing oversized short pants" and sent him home because Bailey thought he did not comply with the dress code (Complaint, ¶ 26); and (3) Bailey drafted Plaintiff's 2008 Annual Performance Review and "gave Plaintiff a below average mark in the 'attendance' category for missing work to receive necessary medical treatment" and "changing the sequence of his stocking duties"(Complaint, ¶ 28(a)). Although Plaintiff claims he was "harassed, demeaned, ridiculed, criticized, and discriminated against on account of his disability" by Bailey, these are the only actions that Bailey allegedly took against him. Therefore, Plaintiff cannot consistently allege that the conduct of Defendant Bailey was undertaken *exclusively* for their own benefit. Accordingly, the Manager's Privilege precludes Plaintiff's claims for IIED against Bailey.

### vi. Workers' Compensation Exclusivity

a. Additionally, Plaintiff's IIED claim against Bailey fails because it is preempted under California Labor Code section 3601. Labor Code section 3601 provides that the exclusive remedy for an injured employee against any other employee of the employer acting within the scope of his employment is Workers' Compensation, unless the injury is caused by willful and unprovoked act of aggression or intoxication of the other employee. *See Kacludis, supra*, 806 F. Supp. at 870 (California's Workers' Compensation system provides exclusive remedy for all claims).

b. The California Supreme Court recently rejected a plaintiff's IIED claim against a supervisor, where the supervisor's alleged conduct occurred in the workplace, in the course and scope of his employment as a supervisor. *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 902 (2008) ("the alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted.").

c. Plaintiff can avoid the preclusive effect of the workers' compensation

8.

exclusivity rule *only* if the cause of action alleged depends on a violation of an express statute or fundamental public policy. *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990); *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 576-77 (1998).

    d.    The only statutory claims alleged in the Complaint stem from violations of provisions of FEHA under California Government Code sections 12900 et seq. However, Bailey may not be individually liable for either retaliation or discrimination. *See Jones v. Lodge At Torrey Pines Partnership*, 42 Cal. 4th 1158, 1159, 1162 (2008); *Reno v. Baird*, 18 Cal. 4th 640, 645-46 (1998). Since the Complaint does not allege that Plaintiff's purported emotional distress arises from any other statutory, regulatory, or constitutional provision, his single claim against Bailey is preempted by the Workers' Compensation Act.

    e.    Indeed, in *Cole v. Fair Oaks Fire Protection Dist.*, the California Supreme Court held that claims for emotional distress caused during the normal course of the employment relationship fall within the exclusive ambit of the Workers' Compensation Act:

> . . . an employee suffering emotional distress . . . may not avoid the exclusive provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, *outrageous*, harassment, *or intended to cause emotional disturbance* resulting in disability.

43 Cal. 3d 148, 160 (1987) (emphasis added). Accordingly, Plaintiff's allegations regarding the conduct of Defendant Bailey do not save his claims from the preclusive effect of the workers' compensation exclusivity rule. Therefore, Plaintiff's IIED claim cannot be asserted against the individual defendants.

    vii.    **Plaintiff Fails to State a Cause of Action Against Bailey.**

    a.    Plaintiff also cannot maintain his IIED claim against Bailey because he fails to state a cause of action against them. To state a cause of action for IIED, Plaintiff must allege the following elements: (1) extreme and outrageous conduct by Defendants; (2) with the intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) Plaintiff's suffering severe or extreme emotional

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

distress; and (4) actual and proximate causation of the emotional distress by Defendants' extreme and outrageous conduct. *Christensen v. Superior Court,* 54 Cal.3d 868, 903 (1991); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 155 n.7 (1987).

  b. To be outrageous, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen,* 54 Cal.3d at 903; *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). Further, "it is not enough the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen,* 54 Cal.3d at 903. Moreover, a plaintiff must plead facts demonstrating that the defendant's conduct was not privileged. *Cantu v. Resolution Trust Corp.,* 4 Cal. App. 4th 857, 887 (1992).

  c. In his Complaint, Plaintiff does not specifically assert that Bailey engaged in any harassing, insulting, or outrageous conduct, or that Bailey intended to cause Plaintiff severe emotional distress. Although he generically claims "Defendants were aware of ... his need for accommodation," he does not specifically state that he presented Bailey with any accommodation requests. (Complaint, ¶¶17, 24) His only specific complaints are about three personnel actions: (1) (1) Bailey "disciplined Plaintiff for changing the sequence of his stocking duties and sent him home" (Complaint, ¶ 25); (2) Bailey "refused to accommodate Plaintiff's disability by refusing to allow Plaintiff to clock-in for his shift on the basis that he was wearing oversized short pants" and sent him home because Bailey thought he did not comply with the dress code (Complaint, ¶ 26); and (3) Bailey drafted Plaintiff's 2008 Annual Performance Review and "gave Plaintiff a below average mark in the 'attendance' category for missing work to receive necessary medical treatment" and "changing the sequence of his stocking duties"(Complaint, ¶ 28(a)).

  d. Personnel actions including altering performance appraisals and terminating or laying off employees, *even if based on allegedly improper motives,* are

10.

LITTLER MENDELSON
A Professional Corporation
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

not "extreme and outrageous" conduct. *Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 80 (1996). As the court in *Janken* observed, "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motivation is alleged." *Id.*; *see also Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1352 (9th Cir. 1984) (termination of employment does not support an IIED claim); *Trerice v. Blue Cross of California,* 209 Cal.App.3d 878, 883-84 (1989) (same).

  e. Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493, 499 n.5 (1970). As such, allegations that an employer verbally insulted and repeatedly harassed the plaintiff, directed coworkers not to assist the plaintiff or made statements regarding the plaintiff's unsuitability for employment have been held insufficient on demurrer to state an IIED claim. *See Ankeny v. Lockheed Missiles & Space Co.,* 88 Cal.App.3d 531, 535-37 (1979) (verbal insults and repeated harassment). Unlike *Alcorn,* where an IIED claim was found, Plaintiff does *not* allege that Bailey shouted racial epithets or slurs at him, nor does he allege that he was subjected to seriously threatening and extremely abusive language as the plaintiff was in *Newby v. Alto Riviera Apartments,* 60 Cal.App.3d 288, 297-98 (1976). Plaintiff fails to show that Defendant Bailey engaged in "extreme and outrageous" conduct. Plaintiff thus fails to state an IIED claim.

  17. For the reasons set forth above, Bailey's citizenship should be disregarded for purposes of removal.

  18. There are no other identified defendants. Defendants designated as DOES 1 through 25 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.

11.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

1987).

### B.  Amount in Controversy

19.  District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).  "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

20.  To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent from the complaint that the jurisdictional amount has been satisfied." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

21.  If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer*, 116 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

22.  Here, Plaintiff states in his Complaint that his claimed damages are compensatory, consequential and incidental damages (including past and future lost wages, bonuses and other losses), emotional distress damages, prejudgment interest, punitive damages, attorneys' fees, and any other incurred costs. (Complaint, Prayer for Relief)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

12.

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

23.     Plaintiff alleges he was terminated on September 4, 2009. (Complaint, ¶ 35.) Plaintiff alleges he worked as an Overnight Stock Associate. (Complaint, ¶ 17). As of September 4, 2009, Plaintiff earned approximately $10.60 per hour, and was hired to work full-time. Chang Decl., ¶ 6. As of the date of this notice, there have been approximately 73 weeks of allegedly lost pay since the date of Plaintiff's alleged constructive termination on September 4, 2009. Based on a 40-hour workweek, the amount of lost wages at issue equals $30,952 ($ 10.60 per hour x 40 hours per week x 73 weeks). Thus, Plaintiff's claim for lost wages alone is over one-third of the $75,000.00 threshold, exclusive of his claims for lost benefits, raises, and additional amounts of money he would have received had he been retained in his employment position. Furthermore, given that the trial date has not yet been set, and that it is unknown whether Plaintiff will be unemployed until that time, additional lost wages and benefits may accrue. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the next two years, the amount of future wages in controversy in this case would amount to $44,096 ($10.60 per hour x 40 hours per week x 104 weeks). Therefore, lost wages and front wages alone would exceed the $75,000 threshold.

24.     Plaintiff also claims money damages for "extreme and severe mental anguish, humiliation, emotional distress, loss of enjoyment of life, nervousness, tension, anxiety and depression." (Complaint, ¶ 46)  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).

25.     Plaintiff also alleges that the acts of Defendants "was oppressive and

13.

malicious, thereby entitling Plaintiff to an award of punitive damages....". (Complaint, ¶ 47.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). His claim for punitive damages by itself could be in excess of $75,000.00.

26. Finally, Plaintiff claims attorneys' fees. (Complaint, Prayer for Relief ¶ 7.) In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Because attorneys' fees are recoverable to the prevailing party under some of Plaintiff's claims, the Court may consider the fees arising from time spent on Plaintiff's entire complaint in its computation of the jurisdictional amount in controversy. *See* Cal. Govt. Code § 12965. Plaintiff's attorneys' fees alone for all discovery and the trial of this case will likely exceed $75,000.00. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages).

27. Defendant does not concede Plaintiff's claims have any merit, and provides the foregoing calculations and damage analysis only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, taken as a whole far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a) and 1441(a).

IV. **VENUE AND BOND**

28. Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a). No bond is required for removal. 28 U.S.C. § 1446(d).

V. **NOTICE TO STATE COURT AND PLAINTIFF**

39. Promptly after filing this Notice of Removal with this Court, Defendant

14.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
One Biscayne Tower
Suite #1500
Two South Biscayne Boulevard
Miami, FL 33131.1804
305.400.7500

DEFENDANT WAL-MART STORES, INC., INC.'S NOTICE OF REMOVAL

will give notice to Plaintiff's counsel and file a copy with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. section 1446(d).

## VI. CONCLUSION

Defendant therefore removes the civil action filed in the California Superior Court, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:     February 2, 2011          Respectfully submitted,

_____
GINA M. CHANG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
WAL-MART STORES, INC.

Firmwide:99934937.2 067307.1002